**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

CATHOLIC CHARITIES OF
JACKSON, LENAWEE AND
HILLSDALE COUNTIES and
EMILY MCJONES,

    *Plaintiffs,*

    v.

GRETCHEN WHITMER, ET AL.,

    *Defendants.*

Civil No. 1:24-cv-00718-JMB-SJB

**PLAINTIFFS' NOTICE OF**
**SUPPLEMENTAL AUTHORITY**

*Chiles v. Salazar*, 2024 WL 4157902, --- F.4th --- (10th Cir. Sept. 12, 2024), involved a First Amendment challenge to Colorado's law banning "conversion therapy." The court unanimously held that a counselor had standing for a pre-enforcement challenge but divided 2-1 on the merits.

On standing, the court rejected the same argument Michigan makes here. Colorado's law, like Michigan's, permitted "facilitation of an individual's … identity exploration and development." *Id.* at *2. And the counselor in *Chiles*, as here, sought to help clients change behavior or gender expression only when doing so was consistent with the client's "voluntary, self-selected goals." *Id.* at *7. Thus, Colorado, like Michigan here, argued that the counselor lacked standing because her counseling was "not prohibited by the [law]." *Id.* The court disagreed, explaining that "help[ing] clients meet voluntary, self-selected goals" of "changing their gender identity or sexual orientation" is "counseling [that] would violate the [conversion-therapy ban]." *Id.*

The court also found "a credible threat of enforcement." *Id.* Although "Colorado ha[d] never actually enforced" its law, and there was no mechanism for "private"

1

enforcement, there was a credible threat "because Colorado has never disavowed punishing those who violate the [ban]." *Id.* at *7-8. Here, too, Michigan has never disavowed; and "any person c[an] file a complaint against the plaintiffs"—making the threat even greater. *Id.* at *7.

On the merits, the majority upheld the law as "a regulation of professional conduct," not speech. *Id.* at *21-22. But as the dissent explained, that holding is "[i]n full conflict with" the Supreme Court's decisions in *NIFLA*, *Holder*, and *Cohen*, because the only "conduct" triggering coverage under the statute "consists of communicating a message." *Id.* at *36-38. The dissent also noted that Colorado's evidence—including the declaration of Dr. Judith Glassgold, whom Michigan also proffers here—failed to identify "any study (good or bad) that focuses on the type of therapy at issue in this case," and the studies it did identify have been cast into "serious doubt" by the Cass Review and the "significant movement in Europe away from American orthodoxy." *Id.* at *41-45. That dissent is correct.

Dated: September 20, 2024        Respectfully submitted,

/s/ Luke Goodrich
Luke Goodrich
Adèle Keim
Daniel L. Chen
Kelly R. Oeltjenbruns
The Becket Fund for Religious Liberty
1919 Pennsylvania Ave. NW, Suite 400
Washington, DC 20006
Telephone: (202) 955-0095
Facsimile: (202) 955-0090

2