CATHOLIC CHARITIES OF
JACKSON, LENAWEE AND
HILLSDALE COUNTIES, ET AL.,

    *Plaintiffs,*

    v.

GRETCHEN WHITMER, ET AL.,

    *Defendants.*

Civil No. 1:24-cv-00718-JMB-SJB

**STIPULATED ORDER AND
FINAL JUDGMENT**

Plaintiffs Catholic Charities of Jackson, Lenawee, and Hillsdale Counties and Emily McJones, and Defendants Gretchen Whitmer, in her official capacity as Governor of Michigan; Dana Nessel, in her official capacity as Attorney General of Michigan; Marlon Brown, in his official capacity as director of the Michigan Department of Licensing and Regulatory Affairs; Amy Gumbrecht, in her official capacity as Director of the Bureau of Professional Licensing in the Michigan Department of Licensing and Regulatory Affairs; Napoleon Harrington, Sheri Pickover, Lesley Addison, Laura Mammen, Robin Chosa, Mary Billman, Walter Harper, Charles Hughes, Janet Glaes, Rotesa Baker, Roberto Overton, and Courtenay Morsi, in their official capacities as members of the Michigan Board of Counseling; Julian Diaz, Danielle Hoover, Janet Joiner, Maria Petrides, Petra Alsoofy, Maxine Thome, Victor Weipert, Rochelle Vrsek, and China Sells, in their official capacities as members of the Michigan Board of Social Workers; and Latricia Powell, John Randle, Gary Harper, Frances Brown, Charmeka Newton, Harper West, Melissa Grey, Brandell Adams, and Courtenay Morsi, in their official capacities as members of the Michigan Board of Psychology ("the Parties"), agree to this Stipulated

Order and Final Judgment ("Stipulated Judgment") providing for judgment and a permanent injunction, as follows, in order to resolve all claims raised by Plaintiffs against Defendants in this case.

Plaintiffs filed this case in 2024, alleging that Michigan's statutory ban on conversion therapy—House Bills 4616 and 4617, codified at MCL 330.1901a and MCL 330.1100a(20), respectively (collectively, "HB 4616")—violated various federal constitutional rights as applied to their practice of engaging in "talk therapy" with minor clients, which consists solely of speech during professional counseling sessions, based on "client-driven" goals. Plaintiffs moved for a preliminary injunction, which this Court denied in a reported opinion. 764 F. Supp. 3d 623 (W.D. Mich. 2025). The Sixth Circuit reversed that decision in an opinion reported at 162 F.4th 686, 696 (6th Cir. 2025) and "remand[ed] for prompt entry of a preliminary injunction." Addressing only Plaintiffs' First Amendment free-speech claim, the Sixth Circuit held "that HB 4616 is subject to the strictest of scrutiny, under the First Amendment, as a content- and viewpoint-discriminatory restriction upon speech."

Following the issuance of the mandate, jurisdiction returned to this Court, and the Court promptly entered a preliminary injunction. Dkt.47. The Parties moved to stay proceedings pending *Chiles v. Salazar*, a case then pending in the Supreme Court concerning whether a materially identical Colorado ban on conversion therapy violated the Free Speech Clause. Dkt. 48. The Court granted the stipulated order and stayed proceedings pending *Chiles*. Dkt. 49.

On March 31, 2026, the Supreme Court held that Colorado's ban on conversion therapy, as applied to talk therapy, "censors speech based on its viewpoint" and thus triggered strict scrutiny. *Chiles v. Salazar*, 146 S. Ct. 1010, 1029 (2026).

The Parties agree that this Court possesses jurisdiction over the parties and the subject matter of this action. Subject to the Court's approval and entry of this Stipulated Judgment, the Parties waive a hearing and findings of fact and

conclusions of law on all issues, including those unaddressed by the Sixth Circuit's decision.

The Parties further agree that this Stipulated Judgment—along with the separately signed Settlement Agreement and Release—resolves all issues raised in the Complaint and is final and binding on the Parties, and their respective officials, agents, employees, and successors, and all persons acting on their behalf or in active concert and in participation with them. The Parties have entered into a separate Settlement Agreement and Release to fully and finally resolve Plaintiffs' claims for attorney's fees, costs, and expenses. That Settlement Agreement and Release is contingent upon complete and unmodified entry of this Stipulated Judgment.

It is therefore ORDERED as follows:

### Sixth Circuit and Supreme Court Decisions and Injunctive Relief

In light of the decisions of the Supreme Court in *Chiles v. Salazar*, 146 S. Ct. 1010 (2026), and the Sixth Circuit in this case, *Cath. Charities of Jackson, Lenawee, & Hillsdale Ctys. v. Whitmer*, 162 F.4th 686 (6th Cir. 2025), Plaintiffs have demonstrated success on the merits of Count One in their Complaint and established irreparable injury and that an injunction is in the public interest. As such, Plaintiffs are entitled to the injunctive relief set forth in this Order.

### Resolution of the Litigation

A.     Defendants agree that they shall not appeal from any ruling that adopts this Stipulated Judgment. Defendants further agree that the relief granted herein is fair and equitable, and that they will defend the terms of this Stipulated Judgment if it is challenged in court. However, notwithstanding the above, they reserve the right to seek reconsideration or appeal should the Court not enter without modification the entirety of the relief agreed to herein.

B.     Plaintiffs agree that they shall not appeal from any ruling that adopts this Stipulated Judgment. Plaintiffs further agree that the relief granted herein is fair

and equitable, and that they will defend the terms of this Stipulated Judgment if it is challenged in court. However, notwithstanding the above, they reserve the right to seek reconsideration or appeal should the Court not enter without modification the entirety of the relief agreed to herein.

C.   The Parties agree that judgment should be entered in Plaintiffs' favor on Count I, and that Plaintiffs are prevailing parties as to Count I, First Amendment Freedom of Speech: Content and Viewpoint Discrimination. Plaintiffs agree that if this Stipulated Judgment is adopted by the Court in its entirety without modification, this unmodified Stipulated Judgment shall be construed as a self-executing notice of voluntary dismissal of all remaining claims (Counts II-VI) with prejudice pursuant to Federal Rule of Civil Procedure 41(a).

D.   The Parties agree that, in the event this Stipulated Judgment is not entered in unmodified form, is subsequently modified, or is appealed, Plaintiffs may re-assert any or all of the claims in Counts II-VI, and in that circumstance Defendants may re-assert any or all defenses to those claims.

E.   The Parties agree that this Stipulated Judgment has the same force and precedential effect as if it had been entered following a dispositive motion or trial on the merits.

F.   The Parties agree that as of the date that this Stipulated Judgment is entered by the Court, they will begin to perform their respective obligations under it.

G.   The Parties agree that Plaintiffs are prevailing parties as set forth in this Order and therefore are entitled to reasonable attorney's fees, costs, and expenses, the amount of which is resolved by the Parties' separate Settlement Agreement and Release.

## Injunction and Order

Accordingly, in light of the foregoing stipulations and upon Plaintiffs' and Defendants' consent:

1. The Court has determined that it has jurisdiction over the matters alleged in Plaintiffs' Complaint and that venue is proper in this Court. *See Cath. Charities*, 162 F.4th at 690-91; *Cath. Charities*, 764 F. Supp. 3d at 637-43.

2. The Court has determined that this Stipulated Judgment is fair, reasonable, equitable, lawful, and in the public interest.

3. The Court hereby **DECLARES** that HB 4616, as applied to licensed mental health professionals engaged in therapy that consists exclusively of talking, violates the Free Speech Clause of the First Amendment to the United States Constitution. *See Cath. Charities*, 162 F.4th at 688-89, 696.

4. The Court hereby **PROHIBITS** Defendants, their successors, agents, and all those acting in concert with them from enforcing HB 4616 against licensed professionals who engage in therapy that consists exclusively of talking. *See Cath. Charities*, 162 F.4th at 688-89, 696.

5. The Court **ORDERS** that this permanent injunction shall take effect immediately.

6. The Court **ORDERS** that because the Parties' Stipulated Judgment is hereby approved and entered without modification by this Court, pursuant to Paragraphs C of this Stipulated Judgment, Plaintiffs' notice of voluntary dismissal with prejudice of Counts II-VI is hereby entered. This Court thus **DISMISSES** Counts II-VI with prejudice.

7. The Court **ORDERS** that Plaintiffs are prevailing parties as to Count I, First Amendment Freedom of Speech: Content and Viewpoint Discrimination, and entitled to attorney's fees, costs, and expenses, the amount of which is resolved by the Parties' separate Settlement Agreement and Release.

8. The Court **ORDERS** that this Court shall retain jurisdiction over this action for purposes of implementing and enforcing the final judgment and any additional

orders necessary, including over any disputes arising from the separate Settlement Agreement and Release.

    IT IS SO ORDERED.


Dated: July 31, 2026                                   /s/ Jane M. Beckering
                                                       JANE M. BECKERING
                                                       United States District Judge